**Crosland Law Firm**
**121 West Hickory St., Suite 103**
**Denton, Texas 76201**

**PLAINTIFF ATTORNEY**
**Seth Crosland**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **DEBBIE SMITH,** ) | **Case No.:** |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | **AND** |
| ) | **DEMAND FOR JURY TRIAL** |
| **GC SERVICES,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

Plaintiff, Debbie Smith, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendant, GC Services (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d)

3. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4.  Plaintiff, Debbie Smith, is a natural person, who at all relevant times has resided in the in the city of Memphis, Shelby County, State of Tennessee, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.  Defendant is incorporated and doing business in the State of Texas, with its corporate mailing address as 6330 Gulfton Street, Houston, TX 77081 and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

### FACTUAL STATEMENT

6.  On or around August 12, 2014, Plaintiff received a phone call from one of Defendant's agents, a "Mr. Kent Wallace."

7.  This phone call was placed from telephone number (902) 213-4834, and for all intents and purposes, was an attempt to collect an alleged debt.

8.  During this call "Mr. Wallace" asked Plaintiff how she would like to take care of this alleged debt and offered two separate settlement offers.

9.  Despite the collection attempts made in this call, the Defendant's agent failed to disclose the proper FDCPA Mini-Miranda warning.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692e (11)

10. Plaintiff repeats the allegations contained in paragraphs 1 through 10 and incorporates them as if set forth at length herein.

11. On or around August 12, 2014, Plaintiff received a phone call from one of Defendant's agents, who failed to identify the company or the purpose of the phone call.

12. The agent failed to state this call was from a debt collector attempting to collect a debt.

13. Defendant's failure to advise of the fact that the call was from a debt collector violates 15 U.S.C. § 1692e (11).

14. As a direct result of Defendant's actions, Plaintiff has been damaged.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692d(6)

15. Plaintiff repeats the allegations set forth in paragraphs 1 through 15 and incorporates same as if set forth at length herein.

16. On or around August 12, 2014, Defendant placed a call to Plaintiff.

17. Defendant's representative failed to state the identity of the company from which he was calling or that the purpose of the call was to collect a debt.

18. The failure to inform Plaintiff of the identity of the company or the purpose of the phone call is in violation of 15 U.S.C. § 1692d(6), which prohibits placing telephone calls without meaningful disclosure of the caller's identity.

19. As a direct result of Defendant's actions, Plaintiff has been damaged.

## JURY TRIAL DEMAND

23. Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Debbie Smith, requests that this Court enter judgment against the Defendant and on behalf of Plaintiff for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

e. That the Court grant such other and further relief as may be just and proper.

Dated February 23, 2015

Respectfully Submitted,

s/ Seth P. Crosland
Seth Crosland
Crosland Law Firm
121 W. Hickory St., Suite 103
Denton, Texas 76201
(T) 214-810-5401
(E) seth@scroslandlaw.com